IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WILLIAM BELIN,

    Movant/Defendant,

vs.                                                    No. CV 20-00629 MV/CG
                                                         (No. CR 10-02213 MV)

UNITED STATES OF AMERICA,

    Respondent/Plaintiff.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

**THIS MATTER** comes before the Court upon Movant William Belin's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (CV Doc. 1; CR Doc. 125) ("Motion"). The Motion is a second or successive motion under 28 U.S.C. § 2255. Because the Court lacks jurisdiction to consider second or successive § 2255 motions without prior authorization from the Tenth Circuit, the Motion will be dismissed.

**BACKGROUND**

On July 27, 2010, Mr. Belin was charged in a four-count Indictment with Assault with Intent to Commit Murder, in violation of 18 U.S.C. §§ 1153, 113(a)(1); Assault with a Dangerous Weapon, in violation of 18 U.S.C. §§ 1153, 113(a)(3); Assault Resulting in Serious Bodily Injury, in violation of 18 U.S.C. §§ 1153, 113 (a)(6); and Use of a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). CR Doc. 9. After a trial by jury, a verdict was returned on June 22, 2011, finding Mr. Belin guilty of all four counts. CR Doc. 52. A judgment was entered on November 7, 2011. CR Doc. 64.

Mr. Belin filed a first § 2255 motion on June 3, 2013. CR Doc. 98. That § 2255 motion

was adjudicated against Mr. Belin and the Tenth Circuit declined to issue a certificate of appealability. CR Docs. 108, 109, 110, 122. Thereafter, Mr. Belin moved the Tenth Circuit for authorization to file a second or successive § 2255 motion. (CR Doc. 123). On September 16, 2019, the Tenth Circuit denied Mr. Belin authorization to proceed on a second or successive § 2255 Motion. CR Doc. 124.

On June 29, 2020, without seeking authorization from the Tenth Circuit, Mr. Belin filed the instant § 2255 Motion in this Court. CV Doc. 1; CR Doc. 125. In the Motion, Mr. Belin raises a single ground for relief, which he did not include in his previous request for authorization from the Tenth Circuit. That ground is that "[t]he newly recognized right in *Alleyne v. United States* [570 U.S. 99 (2013)] should be applied retroactively to collateral review under 28 U.S.C. § 2255 and the defendant resentenced." CV Doc. 1 at 5; CR Doc. 125 at 5. In a separately flied Memorandum of Law in Support of Defendant's Motion (CV. Doc. 2), Mr. Belin appears to raise a separate ground for relief, arguing that he is entitled to relief under *United States v. Davis*, 139 S.Ct. 2319 (2019). This ground was also not included in Mr. Belin's previous request for authorization from the Tenth Circuit. *See* CR. Doc. 124 at 2 (summarizing the grounds that Mr. Belin included).

Because Mr. Belin has filed a previous motion under § 2255 challenging the same conviction, his current § 2255 Motion is a second or successive § 2255 motion subject to the requirements of 28 U.S.C. § 2255(h).

## DISCUSSION

By statute, federal district courts have jurisdiction over a defendant's first § 2255 motion. *See* 28 U.S.C. § 2255(h); *In re Cline,* 531 F.3d 1249, 1251 (10th Cir. 2008). After that, the defendant must obtain authorization from the court of appeals before filing a second or successive

§ 2255 motion in the district court. *See id.* The failure to obtain such authorization is a jurisdictional defect barring relief. *See Cline,* 531 F.3d at 1251 ("A district court does not have jurisdiction to address the merits of a second or successive § 2255 … claim until [the court of appeals] has granted the required authorization.").

Where, as here, the defendant files a second or successive § 2255 motion without authorization, the district court has two options. The court may transfer the matter to the Tenth Circuit "if it determines it is in the interests of justice to do so …, or it may dismiss the motion … for lack of jurisdiction." *Cline,* 531 F.3d at 1252. Factors to consider in evaluating whether a transfer is in the interests of justice include:

> [W]hether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251. To be meritorious, a second or successive motion must be based on newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255(h).

Mr. Belin does not proffer any newly discovered evidence in his Motion. Instead, he attempts to take advantage of § 2255(h)'s exception based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255(h).

In his first ground for relief, he argues that *Alleyne* recognizes "a newly discovered right not previously available to the defendant," and that this right "should be applied retroactively to collateral review under 28 U.S.C. § 2255 and the defendant resentenced." CV Doc. 1 at 5; CR Doc. 125 at 5. Mr. Belin's argument, however, is precluded by the Tenth Circuit's ruling in *In re Payne*, 733 F.3d 1027 (10th Cir. 2013). In *Payne*, the Tenth Circuit recognized that *Alleyne* sets forth a

new rule of constitutional law, since it overruled prior Supreme Court precedent and held the following:

> Any fact that, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt. Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury.

*Payne*, 733 F. 3d. at 1029 (quoting *Alleyne*, 570 U.S. at 103). The Tenth Circuit then explained that "this new rule of constitutional law has not been 'made retroactive to cases on collateral review by the Supreme Court.'" *Id*. (quoting 28 U.S.C. § 2255(h)(2)). *See also United States v. Ailsworth*, 610 F. App'x 782, 785 (10th Cir. 2015) ("[The] argument that *Alleyne* applies retroactively is clearly foreclosed by our precedent."). In light of the Tenth Circuit's unambiguous holdings that *Alleyne* does not apply retroactively, Mr. Belin's argument is not likely to have merit.

Mr. Belin's request for relief pursuant to *Davis* also lacks merit. In *Davis*, the Supreme Court held that 18 U.S.C. § 924(c)(3)'s residual clause – which defines crimes of violence as felonies "that by [their] nature, involve[e] a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" – is unconstitutionally vague. *Davis*, 139 S.Ct. at 2336. Section 924(c)(1) provides certain mandatory minima that apply when a person uses or carries a firearm "during and in relation to any crime of violence…" 18 U.S.C. § 924(c)(1)(A). A "crime of violence" is then defined in § 924(c)(3) as an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Subsection (A) is known as the "elements clause," and Subsection (B) is

known as the "residual clause." It is only subsection (B), the residual clause, which was held to be unconstitutionally vague in *Davis*.

Mr. Belin was not subject to enhanced sentencing under the residual clause. The Tenth Circuit has held that assault resulting in serious bodily injury, in violation of 18 U.S.C. § 113(a)(6), is a crime of violence under the elements clause of 18 U.S.C. § 924(c)(3). *United States v. Mann*, 899 F.3d 898, 900 (10th Cir. 2018), *cert. denied*, 139 S. Ct. 2637, 204 L. Ed. 2d 286 (2019). In so holding, the Tenth Circuit first noted that "an assault that causes serious bodily injury by definition involves the use of physical force." *Id*. at 902 (citation and internal alterations omitted). The Tenth Circuit further explained that, although it is possible to violate § 113(a)(6) with a mens rea of recklessness, the reckless use of force is a volitional use of force and thus a "person who assaults another recklessly 'use[s]' force, no less than one who carries out the same action knowingly or intentionally." *Id*. at 904 (quoting V*oisine v. United States*, 136 S.Ct. 2272, 2280 (2016)). Finally, the Tenth Circuit reasoned that "the nature of a § 113(a)(6) violation requires that the actor's use of force be directed at the person of another." *Id*. at 906. In light of the Tenth Circuit's unambiguous holding that an assault resulting in serious bodily injury in violation of 18 U.S.C. § § 133(a)(6) constitutes a crime of violence under 18 U.S.C. § 924(c)(3)'s elements clause, Mr. Belin's claim for relief under *Davis* is unlikely to be meritorious.

Finally, Mr. Belin's Motion was likely not made in good faith because it was clear at the time of filing that this Court lacked the requisite jurisdiction. *See Cline,* 531 F.3d at 1251.  In light of the fact that Mr. Belin previously filed a request for authorization to file a second or successive §2255 motion in the Tenth Circuit, which was denied (*see* CR Doc. 123), Mr. Belin should have been on notice that he is required to seek such authorization prior to filing such a motion in this Court. Nevertheless, he filed the instant second or successive § 2255 Motion without such

5

authorization.

For these reasons, the Court finds that Mr. Belin's second or successive § 2255 Motion likely lacks merit and was likely not filed in good faith. The Court accordingly declines to transfer the Motion to the Tenth Circuit for authorization in the interests of justice, and will instead dismiss this matter for lack of jurisdiction.

The Court will also deny a certificate of appealability under Habeas Corpus Rule 11, as this Order is not reasonably debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability can only issue in a habeas proceeding where petitioner "demonstrates that reasonable jurists would find the district court's assessment … debatable or wrong").

Last, Mr. Belin has filed a request for appointment of counsel. CV Doc. 2. The Court will deny the request for appointment of counsel as moot in light of the dismissal of this proceeding.

**IT IS THEREFORE ORDERED:**

**(1)** The request for appointment of counsel filed by Movant William Belin (CV Doc. 2) is **DENIED** as moot;

**(2)** Movant William Belin's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (CV Doc. 1; CR Doc. 125) is **DISMISSED** for lack of jurisdiction;

**(3)** A Certificate of Appealability is **DENIED**, and judgment will be entered.

DATED this 8th day of July, 2020.

_____
MARTHA VAZQUEZ
United States District Judge